# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. LARRY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JAMES TILTON, *et. al.*,<br><br>　　　　Defendants. | CASE NO. 09-CV-00950 JLS (WVG)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF. Nos. 19, 30) |

Presently before the Court are Defendants' motion for summary judgment (ECF No. 19), and Magistrate Judge Gallo's Report and Recommendation (R&R) recommending that the Court grant Defendants' motion. (ECF No. 30.) Plaintiff has objected to this conclusion and Defendants have replied to Plaintiff's objections. (ECF Nos. 37, 38.) Having considered the parties' arguments and the law, the Court **ADOPTS** Magistrate Judge Gallo's R&R and **GRANTS** Defendants' motion for summary judgment.

## BACKGROUND

Plaintiff, an African-American prisoner incarcerated at Calipatria State Prison, brings this complaint alleging Defendants committed civil rights violations through the institution of a lockdown or "modified program" on African-American inmates at Calipatria State Prison in 2007. (Am. Compl. 71, ECF No. 1-2.)

//

1        Plaintiff's Amended Complaint states Defendants locked down all Facility-B African-American inmates from May 30, 2007, to an unspecified date after July 2007, after several African-American inmates attacked correctional officers. (*Id.* at 74-76.) Plaintiff alleges this lockdown was racially motivated and retaliatory and that it deprived him of access to religious services, exercise, and the law library. (*Id.* at 75.)

         Defendants' motion provides a detailed explanation of the events surrounding the lockdown, as set forth in detail the R&R. (R&R at 5-11.) A brief summary of these facts are noted here for the sake of clarity. Plaintiff's bare allegations aside, these facts are uncontested. On May 30, 2007, five African-American inmates attacked two correctional officers in Calipatria's Facility B. (Ex. A to Ochoa Dec. ¶ 6, ECF No. 19-7.) While the prison officials investigated which inmates were involved in the planning and staging of the attack, the prison instituted a "modified program" on all inmates of all races who were housed in Facility B as an "emergency measure" in order to maintain the safety and security of all officers, staff, and inmates. (*Id.* at ¶ 7.) Prison officials immediately began an investigation to assess the threat of future attacks. (*Id.* at ¶ 9.) According to Defendants, this investigation revealed that African-American inmates harbored a heightened state of dissension and ill will towards officers for perceived disrespect. (*Id.* at ¶ 24.) On June 6, 2007, as a result of this investigation, all African-American inmates remained on the modified program while inmates of other races were returned to their normal programs. (*Id.* at ¶ 10.)

         Throughout June and July, several further modifications to the program were made, and privileges were restored and suspended at various times in response to further attacks. (*Id.* at ¶¶ 10-14.) On August 8, 2007, an "Unlock List" was created to include inmates who were excused from the modified program. (*Id.* at ¶¶ 14-15.) From August 8, 2007, until August 30, 2007, African-American inmates were individually screened and added to the Unlock List. (*Id.* at ¶ 15.) According to Defendants, inmates who were gang-affiliated, had disciplinary history in prison, or were deemed a threat to security were excluded from the Unlock List. (*Id.* at ¶ 15-16.) Plaintiff was not placed on the Unlock List for unknown reasons. (*Id.* at ¶ 16.) On August 30, 2007, the modified program for Facility B African-American inmates ended and all privileges were restored for all inmates. (*Id.* at ¶ 19.)

Based on the above timeline, Plaintiff did not receive recreational yard time for 3 months: from May 30, 2007, to August 30, 2007.

Plaintiff filed suit under 42 U.S.C. Section 1983 in Imperial County Superior Court on September 2, 2008. Following the Superior Court's granting of a demurrer, Plaintiff filed an Amended Complaint. On May 4, 2009, Defendants removed the action to this Court. On July 19, 2010, Plaintiff filed a motion for an extension of time to conduct discovery. (ECF No. 21.) Magistrate Judge Gallo denied Plaintiff's motion without prejudice on the basis that Plaintiff had not shown good cause to extend the discovery cut-off. (ECF No. 23.) The present motion for summary judgment was filed on June 18, 2010. (ECF No. 19.) On September 21, 2010, Plaintiff filed an opposition, which did not address Defendants' arguments but again requested more time to conduct discovery. (ECF No. 27.) Magistrate Judge Gallo issued his R&R on March 3, 2011, advising this Court to grant Defendants' motion for summary judgment. (ECF No. 30.) Plaintiff's objections to the R&R were filed on May 27, 2011 (ECF No. 37), and Defendant's reply to those objections was filed on June 3, 2011. (ECF No. 38.)

## LEGAL STANDARD

**1.     Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

**2.     Motion for Summary Judgment**

Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where (1) the moving party demonstrates the absence of a genuine issue of material fact and (2) entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Material," for

1  purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome
2  of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d
3  732, 735 (9th Cir. 1997). For a dispute to be "genuine," a reasonable jury must be able to return a
4  verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

5        The initial burden of establishing the absence of a genuine issue of material fact falls on the
6  moving party. *Celotex*, 477 U.S. at 323. The movant can carry his burden in two ways: (1) by
7  presenting evidence that negates an essential element of the nonmoving party's case; or (2) by
8  demonstrating that the nonmoving party "failed to make a sufficient showing on an essential element
9  of her case with respect to which she has the burden of proof." *Id.* at 322–23. "Disputes over
10 irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc.*
11 *v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

12       Once the moving party establishes the absence of genuine issues of material fact, the burden
13 shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains.
14 *Celotex*, 477 U.S. at 324. The nonmoving party cannot oppose a properly supported summary
15 judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S.
16 at 256. When ruling on a summary judgment motion, the court must view all inferences drawn from
17 the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*
18 *v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

19 **3. Motion for Additional Discovery**

20       Federal Rule of Civil Procedure 56(d) grants the Court the authority to defer or deny a motion
21 for summary judgment, or to allow further time for discovery, if the non-moving party "shows by
22 affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its
23 opposition." In seeking such relief, "a party opposing summary judgment 'must make clear what
24 information is sought and how it would preclude summary judgment.'" *Margolis v. Ryan*, 140 F.3d
25 850, 853 (9th Cir. 1998) (quoting *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518
26 (9th Cir. 1987)). Where a party has failed to diligently pursue discovery, it is proper to deny a request
27 under Rule 56(d). *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353
28 F.3d 1125, 1130 (9th Cir. 2004).

## ANALYSIS

As in his opposition to Defendants' motion for summary judgment, Plaintiff's objections to the R&R do not address any of his substantive legal claims but instead request more time to conduct discovery. (Pl.'s Objections to R&R, ECF No. 37.) Plaintiff seeks more time to obtain discovery to show that "what the defendants relied upon in their motion as justification for the modified program were fabrications." (*Id.* at 3.) In support of his objections he provides the Declaration of Curtis E. Miller, another African-American prisoner housed in Facility-B during the period of the modified program challenged by Plaintiff. Plaintiff states he was unaware that Miller had personal knowledge of the incidents that occurred until after the closure of the discovery period, and asks the Court to allow Plaintiff to obtain further discovery under Fed R. Civ. P 56(d).

As addressed in Magistrate Judge Gallo's R&R, Plaintiff continues to fail to explain how the further discovery he seeks will in any way preclude summary judgment. The Declaration of Curtis E. Miller states that Mr. Miller was present when several of the altercations between prisoners and guards took place in Facility-B, and alleges that "there was no planned attack on the officers." (*Id.* at 7-8.) However, the Declaration does not state any basis for knowledge of this fact. In addition, Plaintiff's objections do not directly contradict any of the factual statements regarding the implementation of the modified program or the decision-making process behind the program as stated by Defendants.

Further, although Plaintiff claims he has "newly discovered evidence that could not have been discovered earlier," a declaration from Curtis Miller was included in Plaintiff's opposition to the summary judgment motion and filed on September 21, 2010. (ECF No. 28.) Plaintiff's contention that he was "unaware that Miller had personal knowledge of the incidents that occurred until that day we met inside the law library" is inconsistent with his own previous filings. (Pl.'s Objections to R&R 3.) Accordingly, because Plaintiff has failed to make a minimal showing that he has been diligent or that the discovery he seeks will preclude summary judgment, this Court agrees with Magistrate Judge Gallo's recommendation that Plaintiff's request for further discovery be **DENIED**.

Aside from his request for further discovery and unsupported assertions that Defendants fabricated evidence, Plaintiff's objections to the R&R do not state any discernible substantive

1 arguments in objection to Magistrate Judge Gallo's conclusions on Plaintiff's First, Eighth, and
2 Fourteenth Amendment claims. Because Petitioner does not object, the Court reviews that conclusion
3 for clear error, finds none, and **ADOPTS** those portions of the R&R.

## CONCLUSION

For the reasons stated, the Court **ADOPTS** Magistrate Judge Gallo's Report and Recommendation in full. Further, Plaintiff's objections to the R&R are **OVERRULED**. Defendants' motion for summary judgment is **GRANTED**. This Order concludes the litigation in this matter. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: September 28, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge